[Filed March 22, 1892.]

## ABE MEIER ET AL. *v.* P. KELLY ET AL.

EQUITY— CLOUD ON TITLE— STATUTE OF LIMITATIONS.—A suit by the owner in fee to determine an adverse claim to, or interest in, real property, or to remove a cloud from the title thereof, cannot be barred by the statute of limitations while the adverse claim or cloud exists, because the right to have the same removed is a continuing right.

JUDGMENT LIEN— HOSTILE EQUITIES—REFORMATION OF MORTGAGE.—A judgment lien attaches only to the actual and not to the apparent interest of the judgment debtor in land, and is subject to any equitable estate therein hostile to the judgment debtor existing at the time the judgment was rendered, whether know to the judgment creditor or not; and for the purpose of protecting such equitable estate, courts of equity will correct a mistake in a mortgage upon which the equitable estate depends, and, as corrected, give it priority over a subsequently acquired judgment, so that the judgment lien will be confined to the actual interest of the judgment debtor in the land.

UNRECORDED CONVEYANCES—JUDGMENT LIEN—EQUITABLE TITLES.—Section 271, Hill's Code, which provides that a conveyance of real estate, or any interest therein, shall, as against the lien of a judgment, be void unless recorded, applies to conveyances which, if recorded, would give notice, but does not apply to the equities of plaintiffs, which require the aid of a court to establish.

Multnomah county: L. B. STEARNS, Judge.

Defendants appeal.   Affirmed.

*Sidney Dell*, for Appellants.

*H. B. Nicholas* and *L. L. McArthur*, for Respondents.

BEAN, J.—This is a suit to determine an adverse claim to real estate, and is before this court the second time for adjudication. (*Meier* v. *Kelly*, 20 Or. 86.)   The facts are that in February, 1876, one C. M. Carter borrowed of Catherine Quinney, one thousand two hundred dollars, for which he executed his note, due one year after date, and intending to secure the payment of the same by mortgage upon the southeast quarter of subdivision twenty-six of block C, of Carter's addition to the city of Portland, executed to her a mortgage; but by mutual mistake of the parties the property was described as lots three and four in block

twenty-six, Carter's addition. This mortgage was on the same day duly recorded in the proper record of Multnomah county. In June, 1876, the defendants' assignors, without any notice or knowledge of this mortgage, or Mrs. Quinney's equities, and so far as this record shows, without knowledge that Carter owned or had any interest in the property intended to be mortgaged, obtained their judgments against Carter, and duly docketed the same in the judgment lien docket. In 1878, the Quinney mortgage was foreclosed, the judgment lien creditors being parties to the suit, and Mrs. Quinney became the purchaser, and on July 20, 1880, received her deed from the sheriff, the property being described in the foreclosure proceedings and sheriff's deed the same as in the mortgage. Afterwards and in 1880, on account of the confusion or mistake in the description in the mortgage, she obtained from Carter's assignee in bankruptcy, by order of the bankrupt court, a deed properly describing the property intended to be mortgaged.

The plaintiffs by proper conveyances have succeeded to all the interest of Mrs. Quinney in the property and mortgage, and by the deed from Carter's assignee and a deed from Carter himself, executed in 1888, are now the owners in fee of the property. This property is now, and has been since the date of Mrs. Quinney's mortgage, vacant and unoccupied, but plaintiffs and their predecessors in interest have exercised acts of ownership over it, such as grading streets, removing fence, paying taxes, etc. The defendant Kelly, as sheriff of Multnomah county, under an execution issued February 23, 1891, upon the judgment in favor of Mrs. Fleurot, defendant Dell's assignor, has seized and levied upon said land, and was threatening to sell the same thereunder, when this suit was commenced to enjoin such sale, and for the determination of the rights of the parties. The court below made and entered a decree in plaintiff's favor reforming and reforeclosing the mortgage from Carter to Mrs. Quinney; and ordering the property sold, the pro-

ceeds thereof to be applied to the payment of the costs
and disbursements of this suit and the amount due on
the Quinney mortgage, and second, to the payment of
the judgments of defendants according to their priority.
From this decree the defendants appeal.

The contention of defendants on this appeal is, that this
is a suit to reform and foreclose a mortgage dated Febru-
ary 16, 1876, upon which no payments have been made,
and is therefore barred by the statute of limitations, under
section 5, Hill's Code, or if this be not so, their judgments,
having been obtained without notice of the equities of Mrs.
Quinney, are liens prior and paramount to the equitable
lien of the Quinney mortgage. Of these questions in the
ordered suggested.

Under the decision of this court in *Anderson* v. *Baxter,* 4
Or. 105, a suit to foreclose a mortgage operative as such,
and upon which suit may have been brought within the
period of limitation, is a suit upon a sealed instrument
within the meaning of section 5, Hill's Code, and if no
payments have been made thereon, is barred within ten
years; but this is not a suit upon such an instrument, it
being one by the owner in fee and in the possession of
property to enforce an equity in his favor against a person
attempting to assert some interest or estate therein adverse
to him, which equity arises out of a fact requiring testi-
mony to disclose and a court of equity to establish. It is
in the nature of a suit by the owner in fee to determine an
adverse claim to, or interest in, real estate, or to remove a
cloud from the title. In such case, the suit is never barred
while the adverse claim or interest exists. While the
owner in fee continues liable to an action, proceeding, or
suit upon the adverse claim, he has a continuing right to
the aid of a court of equity to ascertain and determine the
nature of such claim and its effect upon his title, or to
assert any superior equity in his favor; and a suit by him
for this purpose cannot be barred by the statute of limita-

tions, because it is a continuing right. ( *Miner* v. *Beekman*, 50 N. Y. 337; *Schoener* v. *Lissauer*, 107 N. Y. 111.) Plaintiffs are not only the owners in fee of the property against which the defendants are seeking to enforce their judgments, but are also in equity the owners of the Quinney mortgage and all equities existing in her favor arising out of the mistake in the description. These interests a court of equity will consider separately and not as merged, if necessary to preserve the priority of the equity over the intervening lien of defendants. ( Harris, Subrogation, § 704.) Plaintiffs could safely rely upon their legal title and were not bound to assert their equity arising from the Quinney mortgage until an attempt was made to enforce the lien of defendants. But when this was done, the aid of a court of equity became necessary to prevent the priority of defendant's lien, and as long as their lien continued a suit for this purpose was not barred by the statute of limitations.

As a general rule, unless otherwise provided by statute, a judgment lien only attaches to the actual and not the apparent interest of the judgment debtor in land, and is subject to all equities which were held against the land in the hands of the judgment debtor at the time the judgment was rendered, whether known to the judgment creditor or not. When called upon in a proper case, courts of equity are always ready to protect the rights of those who hold such equities as against the judgment lien and to confine the latter to the actual interest of the judgment debtor. For this purpose they will correct a mutual mistake in the description in a mortgage, and as corrected give it priority over a subsequently acquired judgment. (Black, Judgments, § 445; Freeman, Judgments, §§ 356, 357; *Sweet* v. *Jacocks*, 6 Paige Ch. 355; 31 Am. Dec. 352; *Churchill* v. *Morse*, 23 Iowa, 229; 92 Am. Dec. 422; *Peck* v. *Williams*, 113 Ind. 256; *Baker* v. *Morton*, 12 Wall. 150; *Bush* v. *Bush*, 33 Kan. 556.) In *Snyder* v. *Martin*, 17 W. Va. 276; S. C. 41 Am. Rep. 670, after a careful exami-

nation of the authorities, it is said: "It may, therefore, be laid down as a universal rule established by many cases, that a judgment lien is always subject to every possible description of equity held by a third party against the debtor at the time the judgment lien attached; and that it is immaterial whether the rights of such third party consist of an equitable estate or interest in the judgment debtor's land, an equitable lien on his land or a mere equity against the debtor which attaches to or affects his land. Nor is it at all material whether the judgment debtor has or has not, when he contracted his debt, or obtained his judgment, or docketed the same, notice of such equitable estate, equitable lien, or mere equity   If they be prior in time to the judgment, they will always be preferred to the judgment lien. The authorities we have cited abundantly sustain this conclusion and there is no exception to this universal rule, except where such exception has been made by some statute law."

A judgment lien creditor, until the levy of an execution issued thereon, can in no sense, either as a fact or by statute in this state, stand in the position of an innocent purchaser for value. His lien is a mere gratuity, conferred by law, for which he pays nothing, and only confers the right to levy upon the land to the exclusion of other adverse interests acquired subsequently to the judgment. Its office is not to create an estate nor to interfere with or affect prior equities, but is merely a general lien securing a preference over subsequently acquired interests in the property. It is not the result of a levy or any direct act against the specific property, but a mere gratuity conferred by statute, and independently of statute law is a charge upon the precise interest which the judgment debtor has and upon no other. The apparent interest of a debtor can neither extend nor restrict the operation of the lien so that it shall encumber any greater or less interest than the debtor in fact possesses.

The only exception to this rule in this state is made by

section 271, Hill's Code, which provides that "a conveyance of real property or any interest therein shall be void as against the lien of a judgment, unless such conveyance be recorded at the time of docketing such judgment or transcript thereof, as the case may be, or unless it be recorded within the time after its execution provided by law as between conveyances for the same real property." It is by virtue of this section defendants contend that the lien of their judgments obtains a priority over plaintiffs' equities. The language of this section is plain and explicit, and no argument can add to its force or meaning. It is clearly intended to apply only to conveyances which if recorded would give notice and not to equities which require the aid of a court of equity to establish. The language used by the legislature is of clear and definite import, and the courts cannot put a construction upon it which amounts to holding that the legislature did not intend what it actually expressed. When the legislature used the word conveyance, it evidently intended an instrument operating as such, and not some equity resting on parol and which is not entitled to record. (*Floyd* v. *Harding*, 28 Grat. 401; *Shipe* v. *Repass*, 28 Grat. 716; *Snyder* v. *Martin*, *supra*.)

The object of the statute is to require parties holding conveyances to put them upon record, and for a failure to do so subject their interests to the liens of subsequently acquired judgments. But in many cases the equitable interest is not capable of being recorded, and no laches can be imputed to the holder because it does not appear of record. The vendee or mortgagee is often deprived of his deed of mortgage by the fraud of the vendor or mortgagor or by the mutual mistake of the parties, or by death or sickness, or some controversy in regard to the precise terms of the contract, and at last is often compelled to resort to a court of equity for redress. Such cases are constantly recurring, and the books abound with them. The statute was never intended to apply to cases of this character and

to hold that they come within its provisions is to hold that one man's property shall be taken for the debt of another, without the fault or neglect of the owner, and without the possibility of guarding against it by the exercise of the greatest diligence. It is not susceptible of any such construction without doing violence to its express language.

The statute nowhere provides that a judgment shall be a lien upon the property of the judgment debtor as it appears of record, but only upon the property of the defendant. Section 269, Hill's Code, is extended by section 271 to such property as he may have conveyed away and the conveyance is not of record.

The mortgage in this case from Carter to Quinney was inoperative as a conveyance because of the misdescription, (*Meier* v. *Kelly*, 20 Or. 86,) but it was recorded; and when reformed by a court of equity becomes operative as a conveyance and stands recorded as against subsequent lien holders. It is not a new but the old mortgage which is reformed and that is recorded.

The decree of the court below is therefore affirmed.