LAURENT *v.* LANNING.

[51 Pac. 80.]

</div>

PLEADING EXECUTION OF INSTRUMENT.—An allegation that a mortgage
was executed and delivered is broad enough to include the signing,
sealing, attestating, and acknowledging.

CERTIFCATE OF ACKNOWLEDGMENT—EVIDENCE.—When a paper having ap-
pended a notarial certificate of acknowledgment is offered or re-
ceived in evidence the certificate goes with the paper and need not
be specially referred to.

PRIORITY BETWEEN MORTGAGE AND JUDGMENT LIENS.—Where a judgment
creditor seeks to establish his lien on lands as superior to a prior
mortgage, under Hill's Ann. Laws, ¿ 271, which provides that any
conveyance of or interest in real estate shall be void as against the
lien of a judgment unless such conveyance be recorded at the time
of docketing such judgment, or within the time after its execution
provided by law as between conveyances for the same real proper-
ty, he must both allege and show that the mortgage was unrecord-

ed, and that he acquired his judgment in good faith and without notice or knowledge of the unrecorded instrument at the time he in good faith acquired his judgment: *Rhodes* v. *McCarry*, 19 Or. 222; *Riddle* v. *Miller*, 19 Or. 464; and *Meier* v. *Kelley*, 22 Or. 136, approved and followed.

From Linn: HENRY H. HEWITT, Judge.

Suit by James Laurent and others against E. J. Lanning, Virginia Lanning, and D. H. James to reform a mortgage, and to have the same foreclosed. The complaint alleges, among other things: "That on the first day of July, 1893, E. J. Lanning and Virginia Lanning, his wife, for the purpose of securing the several promissory notes hereinbefore alleged, made, executed, and delivered their certain indenture to plaintiffs, * * * whereby they mortgaged to them all the following described real property," etc.; and, in substance, further alleges that the defendant D. H. James is the assignee of the Bank of Oregon, and claims a lien upon said land, but that whatever lien he has is subsequent and subject to plaintiffs' said mortgage. The defendant James controverts the execution and delivery of the mortgage and the allegation touching the subordinate position of his lien; and for a further and separate defense alleges the recovery and docketing of two judgments against Lanning in his favor, one on the twelfth and the other on the twenty-ninth day of October, 1894, and that at the time of their rendition he had no knowledge or notice of the pretended mortgage set up and sought to be foreclosed in this suit. Plaintiffs filed a demurrer to the separate defense, assigning as ground therefor that it does not state facts sufficient

to constitute a defense to the suit, which was sustained in so far as such affirmative matter purported to be a defense to plaintiffs' cause of suit, and overruled in so far as it questioned the sufficiency of the allegations setting up defendant's judgments, and the liens acquired thereby. No reply was filed, and upon the trial a decree was rendered correcting and foreclosing plaintiffs' mortgage, and declaring it prior in time, and superior in right, to defendant's judgments, from which decree defendant James appeals.    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. H. C. Watson.*

For respondent there was an oral argument by *Mr. James K. Weatherford*, with a brief over the name of *Weatherford & Wyatt*, to this effect:

It is a well settled fact that where the parties to written instrument make a mutual mistake in the description or otherwise, the instrument can be reformed, so as to correspond to the intentions of the parties, and such mistake can be rectified as to all persons who have acquired an interest in the properties after the execution of the instrument; we understand this principle to be elementary.

The court can correct a mortgage so as to correct the wrong description, and if it is reformed it dates back to the date of the mortgage: *Sample* v. *Rowe*, 24 Ind. 208; *White* v. *Wilson*, 6 Blackf. 448 (39 Am. Dec. 437); *Brooster* v. *Clamfit*, 33 Ark. 72; *Wainwright* v. *Flanders*, 64 Ind. 306; 1 Jones on Mortgages, § 99.

The doctrine is certainly established as part of the equity jurisprudence of this country and rests upon the solid basis of principle, that prior equitable interests, including liens upon lands, have priority over the general statutory liens of subsequently docketed judgments although the latter are legal in their nature. A judgment creditor is not a purchaser, and he does not obtain the benefit of a subsequent purchaser, but must take subject to the prior lien although not recorded: 2 Pomeroy's Equity Jurisprudence, § 721 (1892 Ed.); *White* v. *Drumon,* 1 Ohio St. 11; *Ells* v. *Lonsley,* 1 Paige 280; *White* v. *Carpenter,* 2 Paige 266; *In re Howe,* 1 Paige 125; *Bush* v. *Bush,* 33 Kan. 556; *Martin* v. *Nixon,* 92 Mo. 26; *Baker* v. *Martin,* 79 U. S. 150.

A mistake in the description of land may be corrected although a subsequent judgment has been rendered, because in equity the equities of the mortgagee are considered stronger than those of the judgment creditor who has not parted with any money on the faith of the apparent facts: 1 Jones on Mortgages (3d Ed.) § 99; *Sample* v. *Rowe,* 24 Ind. 208; *White* v. *Wilson,* 6 Blackf. 448 (39 Am. Dec. 437); *Brooster* v. *Clamfit,* 33 Ark. 72; *Wainright* v. *Flanders,* 64 Ind. 306.

MR. JUSTICE WOLVERTON, after setting forth the facts, delivered the opinion of the court.

It is somewhat difficult to determine just what was accomplished by the order of the court below respecting the demurrer. The further and separate defense does not tend to defeat plaintiffs' cause of

suit, which is for the reformation and foreclosure
of their mortgage.   Their right to the remedy in-
voked exists in spite of anything that appears in
such defense.    It does, however, set up certain
equities in James which have accrued by virtue of
the recovery and docketing of the judgments where-
by he acquired liens upon the same premises cov-
ered by plaintiffs' mortgage, and its real purpose
was to test the question of priority touching the
liens of the respective parties.  It is not susceptible
of a broader interpretation, nor is it effective for
any other purpose, if it suffices for that.  In this
view, the demurrer should have been flatly over-
ruled.  And such we believe to be the effect of the
court's order respecting the same, although it an-
ticipates quite clearly the law touching the relative
equities of the parties ultimately to be ascertained
and determined upon the pleadings and evidence.
It did not in the least abridge or circumscribe any
of the defendant's alleged rights, and the answer
was as effective for the purpose for which it was
interposed after it was made as before.  So that
the demurrer must be considered as having been
overruled.  This leaves the answer without a reply,
and in this state of the pleadings the parties went
to trial, and offered their proofs, which are now
here for our consideration.

To prove the execution of the mortgage, the
plaintiffs called as a witness Alfred H. Freerkson,
who was a subscribing witness thereto.  He iden-
tified the signatures of the mortgagors, and there-
upon the mortgage was offered in evidence, and

was objected to on the sole ground that it appeared to contain some erasures and interlineations not accounted for. A witness was then called to explain these, after which it was received by the court. There is at the foot of the mortgage a certificate of the acknowledgment of the makers over the hand and seal of Alfred H. Freerkson as notary public, and there is indorsed upon it a certificate of the recorder of conveyances for Linn County, showing the filing and recording thereof in the records of said county on July 1, 1893. It is claimed that the admission of the mortgage in evidence did not carry with it either the certificate of acknowledgment or the certificate of record, and that the court was without evidence from which it could legitimately find that the mortgage had been duly acknowledged and recorded at the dates shown by such certificates, and hence should have postponed plaintiffs' mortgage to the superior equities of the defendant's judgments. Plaintiffs' allegation that Lanning and wife made, executed and delivered the mortgage is broad enough to include the signing, sealing, attestation, and acknowledgment. 5 American and English Encyclopedia of Law (1st Ed.), 439. Touching the proof of the acknowledgment, Mr. Devlin says this: "A deed that is properly acknowledged is entitled to admission in evidence without proof of the handwriting of the magistrate or officer taking the acknowledgment. The certificate of the officer is *prima facia* evidence of his authority to take the acknowledgment, and of the genuiness of his signature, subject to rebut-

tal by evidence showing his want of authority, or the fact that the signature attached was not made by him." 1 Devlin on Deeds, § 467. The offer of the mortgage with the certificate of acknowledgment appended thereto was, under these authorities, sufficient to carry the certificate with it. It was the executed — the completed — mortgage that was offered and received, and this included the certificate of acknowledgment. We are not so sure about the certificate of record, nor is it material in the present case.

By the allegation of the complaint and proof under it the plaintiffs have a perfect mortgage, which is undoubtedly a lien upon the premises described therein ; but the defendant James, by the uncontroverted allegations of his answer, has two judgments, which also constitute valid liens upon the same lands, and the question is which party is prior in right. In this connection, inquiry touch_ing the effect of defendant James' uncontroverted averment that at the time of the rendition and enrollment of his judgments he had no notice or knowledge of plaintiffs' mortgage is pertinent. Without the recording act, he who had a prior specific lien possessed a superior equity to one holding a subsequent general lien. But the statute has provided that a conveyance of real property, or any interest therein, shall be void as against the lien of a judgment unless such conveyance be recorded at the time of docketing such judgment, or unless it be recorded within the time after its execution provided by law as between conveyances for the same

real property: Hill's Annotated Laws, § 71. It has become the settled construction of this statute that a judgment lien, in order to have precedence over a prior unrecorded deed or mortgage, must have been taken or acquired in good faith, without notice or knowledge of such prior unrecorded conveyance or mortgage, thus putting the judgment lien creditor upon the same footing as if he had subsequently acquired a deed to the same premises. *Baker* v. *Woodward,* 12 Or. 3 ( 6 Pac. 173 ); *Stannis* v. *Nicholson,* 2 Or. 332 ; *U. S.* v. *Griswold,* 7 Sawy. 311, 332 ( 8 Fed. 556 ); *Meier* v. *Kelly,* 22 Or. 136 ( 29 Pac. 265 ); *Rhodes* v. *McGarry,* 19 Or. 222 ( 23 Pac. 971 ); *Riddle* v. *Miller,* 19 Or. 468 ( 23 Pac. 807 ). With this understanding of the statute, it is not sufficient that James had no notice or knowledge of plaintiffs' prior mortgage, it must be of their prior unrecorded mortgage; and it was necessary, therefore, for him to show that plaintiffs' mortgage was unrecorded at the time he in good faith acquired his judgment. That is to say, in order to advance his equity above that of the plaintiffs, he must show plaintiffs' laches in not complying with the terms of the statute under which he claims superior right. And this imposes upon him the duty of showing the want of record. In order to show this, he should have alleged it, and the uncontroverted averment that he had no notice or knowledge of the mortgage was insufficient for the purpose.

The evidence showing the mutual mistake of the parties touching the property intended to have

been included, and the proper description thereof, is quite sufficient, and the decree of the court will be affirmed.

AFFIRMED.

Decided December 27, 1897; rehearing denied.