Argued 23 November; decided 5 December, 1898.

## DIMMICK *v.* ROSENFELD.

[55 Pac. 100.]

1. JUDGMENT LIENS—AFTER ACQUIRED PROPERTY.*—Lands purchased through an agent who took the title in his own name, without the principal's knowledge or consent, and then conveyed to her, are not thereafter subject to execution on a prior judgment against the agent, since he had only the bare legal title without any interest in the property itself.

2. EXECUTION—RIGHTS OF CREDITORS.—Sections 150 and 283 of Hill's Ann. Laws place attaching or execution creditors on the same footing as a purchaser from the judgment debtor, but do not confer on them any superior advantages: *Rhodes* v. *McGarry*, 19 Or. 222, and *Meier* v. *Hess*, 23 Or. 599, cited.

3. COSTS—APPEAL.—Costs and disbursements, as a general rule, should be allowed the prevailing party in a suit in equity as well as in an action at law, but the trial courts are given a discretion in the matter by section 554 of our statutes, which will not be interferred with on appeal except for an abuse.

From Multnomah : LOYAL B. STEARNS, Judge.

Suit by Mert E. Dimmick against Sol. Rosenfeld and the sheriff to restrain the sale of plaintiff's real property on a judgment against one of plaintiff's grantors. Decree for plaintiff.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. A. King Wilson.*

For respondent there was a brief and an oral argument by *Mr. Robert C. Wright.*

MR. JUSTICE BEAN delivered the opinion.

This is a suit to enjoin a threatened sheriff's sale of real property. The complaint alleges that the plaintiff was at the time of the commencement of the suit, and

---

*NOTE.—The kindred question of the priority of judgment liens on after acquired property is fully considered in foot notes to the case of *Moore* v. *Jordan* 42 L. R. A. 209, 53 Am. St. Rep. 576.—REPORTER.

for a long time prior thereto had been, the owner in fee, and in possession of lot 12 in block 2 of Goldsmith's Addition to the City of Portland, and that the defendants Rosenfeld had caused such property to be levied upon and advertised for sale by the Sheriff of Multnomah County, under an execution issued on a judgment recovered by them against one R. E. Drake; that Drake never at any time had any right, title, or interest in or to such property, or any part thereof; and that such threatened sale, if consummated, will create a cloud upon plaintiff's title. The answer, after denying some of the allegations of the complaint, avers, in substance, that on September 4, 1890, the defendant Rosenfeld duly recovered a judgment against R. E. Drake for the sum of $250, which was immediately docketed; that thereafter, and on December 10, 1891, Drake received and recorded a conveyance for the property in question from one Beatty, and on the following day conveyed it to his wife, who, in November, 1892, conveyed the same to the plaintiff; that thereafter, and on June 6, 1896, Rosenfeld caused an execution to issue on his judgment, and such property to be levied upon, without any knowledge, information or belief as to any claim, right, or equity therein, except as disclosed by the records. The reply put in issue certain allegations of the answer, and averred that on December 10, 1891, Margaret M. Drake, the wife of R. E. Drake, purchased the property referred to in the complaint, and paid the consideration therefor; but that her husband, who acted as her agent in making such purchase, took the deed in his own name, without her knowledge or consent; and that, immediately upon learning that fact, she caused him to convey the property to her by warranty deed, which was duly executed and recorded on the eleventh day of December, 1891; and that the only purpose of such deed

was to convey the legal title to Mrs. Drake, the true owner; and that she subsequently sold and conveyed the same to the plaintiff, who is now the owner thereof. Plaintiff had a decree, and defendants appeal.

1. The only question of importance in the case is whether the defendant's judgment against Drake, recovered in September, 1890, became a lien upon the property now owned by the plaintiff; and its solution depends upon whether Drake had a title to which the lien could attach during its passage through him from Beatty to Mrs. Drake. The court below found, upon testimony practically undisputed and uncontradicted, that the purchase of the property by Drake was made for his wife; that she paid the entire consideration, and that the deed was taken in his name, without her knowledge or consent; that, immediately upon being informed of that fact, she demanded that the title be made over to her, which was done on the next day. It is clear, therefore, that the conveyance from Beatty to Drake vested in him nothing but the bare, naked legal title, which he held in trust for his wife, which trust was voluntarily executed by his subsequent conveyance to her. In other words, he had no interest whatever in the property, but was a mere conduit, through which the legal title passed from Beatty to his wife, the real purchaser and owner. Under these circumstances, the authorities are quite uniform that a judgment against him would not become a lien upon the land. "As a general rule, unless otherwise provided by statute," says the court in *Meier* v. *Kelly*, 22 Or. 136 (29 Pac. 267), "a judgment lien only attaches to the actual and not the apparent interest of the judgment debtor in land, and is subject to all equities which were held against the land in the hands of the judgment debtor at the time the judgment was rendered, whether known to the judgment creditor or not. When called upon in a

proper case, courts of equity are always ready to protect
the rights of those who hold such equities as against the
judgment lien, and to confine the latter to the actual
interest of the judgment debtor.'' And in *Snyder* v.
*Martin*, 17 W. Va. 276 (41 Am. Rep. 670), it is said:
''Independent of any statute law, the lien of a judgment
is a charge upon the precise interest which the judgment
debtor has, and upon no other. The apparent interest
of the debtor can neither extend nor restrict the operation
of the lien so that it shall incumber any greater or less
interest than the debtor in fact possesses. The judgment
creditor has a charge on the interests of the defendant
in the land, just as they stood at the moment the lien
attached ; therefore, though he seems to have an interest,
yet, if he have none in fact, no lien can attach. The
rights of the judgment lien owner cannot exceed those
which he might acquire by a purchase from the defend-
ant with full notice of all existing legal or equitable
rights belonging to third persons.'' Many cases could
be cited in support of this rule, but the following are
deemed sufficient for present purposes : Black, Judgm.
§ 420 ; 2 Freeman, Judgm. § 373 ; *Brown* v. *Pierce*, 74 U.
S. (7 Wall.) 205; *Atkinson* v. *Hancock*, 67 Iowa, 452 (25
N. W. 701); *Koons* v. *Mellett*, 121 Ind. 585 (7 L. R. A.
231, 23 N. E. 95); *Davenport* v. *Stephens*, 95 Wis. 456 (70
N. W. 661). The case last cited is directly in point, both
upon the facts and the law. We conclude, therefore,
that the defendant's judgment did not become a lien upon
the land, because the judgment debtor never had any
interest therein to which it could attach.

2.   It is claimed, however, that by virtue of section
150* of the statute (Hill's Ann. Laws), which is made

---

*NOTE.—This section reads as follows: "From the date of the attachment
until it be discharged or the writ executed, the plaintiff as against third persons
shall be deemed a purchaser in good faith, and· for a valuable consideration, of
the property attached."—REPORTER.

applicable to levies under execution by section 283, the defendants' levy entitles them to the protection accorded to *bona fide* purchasers for value. But these sections of the statute were simply designed to place an attaching or execution creditor upon exactly the same footing as purchasers from a judgment debtor, and not to confer upon them any superior advantages: *Boehreinger* v. *Creighton*, 10 Or. 42 ; *Rhodes* v. *McGarry*, 19 Or. 222 (23 Pac. 971); *Meier* v. *Hess*, 23 Or. 599 (32 Pac. 755) . And where, as in this case, the public records disclosed at the date of the levy that the judgment debtor had no title whatever to the property, an attaching or execution creditor stands in no better position by reason of his levy than a purchaser of the same premises direct from the judgment debtor. In either case the record is notice of the condition of the title. Suppose, for example, the defendants, in place of seizing this property under execution, had bought it from Drake, the judgment debtor ; certainly, they could not claim to have obtained title thereto, because the record, of which they were charged with notice, disclosed that Drake had no title at the time which he could convey, and they are not entitled to any superior advantages on account of the levy under their execution.

3.   The court below directed that neither party should recover costs, and from this decree plaintiff appeals. As a general rule, costs and disbursements should be allowed the prevailing party in suits in equity as well as actions at law, but the statute (section 554) has invested trial courts with a discretion in the matter, which will not be interfered with on appeal except for an abuse thereof : *Lovejoy* v. *Chapman*, 23 Or. 571 (32 Pac. 687) ; *Cole* v. *Logan*, 24 Or. 304 (33 Pac. 568) ; *Nicklin* v. *Robertson*, 28 Or. 278 (52 Am. St. Rep. 790, 42 Pac. 993) ; *Willamette Real Estate Co.* v. *Hendrix*, 28 Or. 485 (52 Am.

St. Rep. 800, 42 Pac. 514). Upon this record it does not appear that the trial court abused its discretion. The respondent will recover costs on this appeal.

There are several additional points made in the brief, but they are without merit. This is not a suit to correct a mistake in the deed from Beatty to Drake, nor to enforce a trust in favor of Mrs. Drake. It is simply a suit to restrain the threatened sale of the plaintiff's property under a judgment which is not a lien thereon, because the judgment debtor never had any interest therein to which it could attach.

AFFIRMED.

Decided 19 December, 1898.