Argued May 24, affirmed June 6, 1916.

## SCHULTZ *v.* SELBERG.

(157 Pac. 1114.)

**Pleading—Admissions—Failure to Deny.**

1. A failure to deny can be held as an admission only of such matter as is well pleaded.

**Ejectment—Pleading—Sufficiency.**

2. In ejectment for property sold under execution to which plaintiff had received a sheriff's deed, an answer to a cross-complaint alleging that plaintiff commenced an action against a third person, but not alleging any service of summons or other means of acquiring jurisdiction, or whether the judgment was obtained in that action or another, or that judgment was duly given or made in that proceeding, or whether the execution issued upon a judgment in favor of the plain-

tiff or against the defendant therein, whether the sheriff's sale was by virtue of that execution or another, or by some different precept, and not alleging a confirmation of the sale, and alleging that the intervener claiming to be the beneficial owner knew that the defendant therein had represented that she was the owner of the property, and so obtained a credit upon her note to the plaintiff, but not showing whether intervener acquired such knowledge before or after the loan was made, was insufficient to show in detail all the steps in plaintiff's acquisition of title to the land.

### Pleading—Fact or Conclusion.

3. In such answer an allegation that defendants and the intervener "have fraudulently conspired to divest plaintiff of her rights in and to said property" was only a conclusion of law; there being no facts stated upon which a charge of fraud could be based.

### Execution—Sale—Confirmation.

4. An execution sale must be confirmed before a deed can issue.

### Execution—Property Subject.

5. Where intervener in ejectment showed that he had paid all the purchase price for the property and that the execution debtor had only the bare title without any beneficial interest, there was no interest of the defendant liable to the satisfaction of the judgment, since it is only the actual interest of a judgment debtor in realty that is liable thereto.

### Appeal and Error—Review—Questions of Fact.

6. In the absence of any testimony in the record before it, the Supreme Court on appeal cannot overturn the trial court's findings upon controverted facts, but must accept them as a correct determination of the dispute to which they refer.

### Parties—Defect of Parties—Demurrer—Waiver.

7. Defect, if any, in not making a party the execution debtor under sale against whom the plaintiff in ejectment claimed, appearing on the face of the pleadings, could have been presented by demurrer in default of which it was waived.

### Estoppel—Claim Under Execution Sale—Defect of Parties.

8. In such action plaintiff could not raise the objection that the execution debtor was not made a party, where plaintiff was before the court claiming to have succeeded to all the rights of such parties in the premises by virtue of the execution.

> [As to right of purchaser at execution sale, when land is claimed to have been conveyed in fraud of creditors, to recover possession in ejectment, see note in Ann. Cas. 1914C, 975.]

From Multnomah: JOHN P. KAVANAUGH, Judge.

Department 2.   Statement by MR. JUSTICE BURNETT.

This litigation originated in an action of ejectment by Lyda F. Schultz against Mrs. Erika Selberg and

others, said defendants being in possession of the real property in question.

They answered, denying the entire complaint, and alleged that they were holding as tenants of one B. C. Selberg, whom we will style "the intervener," and who they say was at all the times mentioned in the complaint, and now is, the owner and entitled to the possession of the realty described therein. Thereafter the court gave him leave to file his cross-complaint in intervention. In that pleading he asserts that he is the proprietor and in occupancy of the tract in controversy. He says that about April 1, 1908, he purchased it for $1,200, making payments in installments, the last of which was paid May 1, 1909; that he built a house upon it at an expense of $4,500, and has paid all charges against it since then; that upon the completion of the house he occupied the premises, and has remained there ever since then either in person or by his tenants. He states that, although he paid the entire purchase price, the conveyance was made at his instance to Augusta M. Cyrus, who took the naked legal title without having any beneficial interest in the land. It is further averred that after the intervener had purchased and paid for the lot, and while the legal title appeared in the name of Augusta M. Cyrus, the plaintiff obtained a judgment against her, and thereafter, without his knowledge or consent, issued execution, levied the same upon the realty, and purported to sell it at a sheriff's sale for the amount of the judgment, after which a sheriff's deed was issued to the plaintiff under which she now claims her alleged estate. He also declares "that at the time of obtaining said judgment, and ever since, and at all times, the plaintiff had full knowledge that said real estate belonged to this intervener and had full knowledge and

notice of all the rights, titles and interests of this intervener in and to said property," and, further, that at all times the property was in the possession either of the intervener in person or of his tenants actually living and residing in the dwelling-house thereon. In her answer to this complaint in intervention the plaintiff admits that she obtained the judgment against Augusta M. Cyrus, sold the property under execution, and received a sheriff's deed for the same, but otherwise denies the whole of the intervener's primary pleading.

A second and further answer to the cross-complaint is here set down in full:

"That on or about or prior to the tenth day of December, 1912, Lyda F. Schultz, plaintiff herein, commenced an action in the Circuit Court for the county of Multnomah, State of Oregon, against Augusta M. Cyrus, for the recovery of the sum of $200 upon a certain promissory note dated May 21, 1912, and due 90 days after date, with interest at the rate of 6 per cent per annum from date, and that thereafter said Lyda F. Schultz recovered judgment against said Augusta M. Cyrus for the sum of $200, together with interest at the rate of 6 per cent per annum from the twenty-first day of May, 1912, and for the further sum of $25 attorney fees.

"That thereafter, or on or about the first day of April, 1913, a writ of execution issued out of said court, and under and by authority of said writ the sheriff of Multnomah County made levy upon lot 7 in block 269, Holladay's Addition to the City of Portland, county of Multnomah, State of Oregon, and that thereafter, or on or about the fifth day of May, 1913, a sheriff's sale was held on the steps of the courthouse of Multnomah County, in the City of Portland, State of Oregon, and said lot 7 in block 269, Holladay's Addition to the City of Portland, was sold at public auction to the highest bidder for cash, and Lyda F. Schultz, judgment creditor therein and plaintiff herein, purchased

said lot for the amount of her judgment, and obtained from the sheriff his duly certified certificate of the same.

"That on or about the seventeenth day of June, 1914, T. M. Word, sheriff of the county of Multnomah, State of Oregon, made, executed and delivered to Lyda F. Schultz his certain sheriff's deed for the above described property, and said Lyda F. Schultz recorded said deed on the twenty-second day of June, 1914, in the Record of Deeds in Multnomah County, in Book 660, page 184.

"That during all the proceedings hereinbefore mentioned between the tenth day of December, 1912, and the twenty-second day of June, 1914, B. C. Selberg, intervener herein, had full knowledge and information of the same, but at no time asserted any right, title or interest in and to or concerning said property, and this plaintiff had no notice of any right, title or interest or pretended right, title or interest of this intervener until this intervener filed his certain cross-complaint herein.

"That Augusta M. Cyrus is the sister of B. C. Selberg, and that, as brother and sister, their relations have been confidential, and B. C. Selberg knew and had full knowledge that said Augusta M. Cyrus made, executed and delivered to said Lyda F. Schultz her certain promissory note referred to in paragraph 1 of this second and further answer, and that the same was given upon the representation that said Augusta M. Cyrus was the owner of said property, and plaintiff alleges that said credit was extended to Augusta M. Cyrus upon said representations and through the collusion and connivance of said Augusta M. Cyrus and said B. C. Selberg.

"That all of the defendants in this action are relatives and friends of said Augusta M. Cyrus and said B. C. Selberg, intervener herein, and that said defendants and said B. C. Selberg have fraudulently conspired to divest plaintiff of her rights in and to said property."

A third answer is a recitation of the plaintiff's search of the records of Multnomah County showing certain conveyances and mortgages to which Augusta M. Cyrus was party affecting the property. The intervener replied in this language:

"Intervener, for himself alone, replying to the answer to the complaint in intervention, denies each and every allegation in said answer contained, save and except such as are admissions of the allegations of the complaint in intervention, and save and except such as are hereinafter admitted, qualified or explained. Further replying to plaintiff's second further defense to intervener's cross-complaint, intervener alleges that he has no knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of said second further answer and defense to intervener's cross-complaint, and therefore denies each and all of the allegations thereof, save and except where such allegations are admissions of the complaint in intervention. Intervener, replying to the third further answer and defense to intervener's cross-complaint, alleges that he has no knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of said third further answer and defense, and therefore denies each and every allegation thereof save and except such as are admissions of the allegations of intervener's complaint."

The other defendants made a similar reply. The court found the issues of fact in favor of the intervener, and entered a decree in his favor to the effect that he is the owner of the realty in dispute; that the plaintiff has no estate or interest therein; that the sheriff's deed be given up and canceled so far as the same affects the tract in question; that the plaintiff and her assignees be barred from asserting any claim in the same; and that the action in ejectment be dismissed as to the defendants. The original plaintiff

appealed, and the case is before us for consideration upon the pleadings; there being no testimony reported in the record.                    AFFIRMED.

For appellant there was a brief over the name of *Messrs. Hurlburt & Layton,* with an oral argument by *Mr. W. B. Layton.*

For respondent and intervener, B. C. Selberg, there was a brief and an oral argument by *Mr. William C. Benbow.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1–4. It is the contention of the plaintiff that the denials of the reply are insufficient to raise an issue upon the answer, because the intervener disclaims any knowledge or information sufficient to form a belief of matters stated therein which must of necessity be within his personal knowledge. She argues, for instance, that the intervener cannot on information and belief deny her assertion that he knew and had full knowledge that Augusta M. Cyrus made, executed and delivered to the plaintiff her certain promissory note. She charges that he knew certainly whether he had such knowledge or not, and could not evade that allegation by denying information about it. The true construction of the reply on that feature is that it is sham, and would constitute an admission if nothing else appears.

It is a principle of pleading, however, that a failure to deny can be held as an admission only of such matter as is well pleaded. We turn, therefore, to the answer to ascertain whether its averments constitute a sufficient pleading. It is said that the plaintiff com-

menced an action against Augusta M. Cyrus.   There
is no statement showing any service of summons or
other means of acquiring jurisdiction.   We are told
that the plaintiff "recovered judgment against said
Augusta M. Cyrus," but whether it was obtained in
that action or another does not appear.   It is not even
stated that the judgment was "duly" given or made
in that proceeding as might have been permitted under
Section 87, L. O. L.   It is mentioned also that a writ
of execution issued out of said court, but whether upon
a judgment in favor of the plaintiff or against Au-
gusta M. Cyrus is not stated.   The narration is that a
sheriff's sale was held on the steps of the courthouse,
but whether by virtue of that execution or another or
by some different precept is not disclosed.   The plain-
tiff avers that on the date named the sheriff executed
and delivered to her his deed, but nothing appears
concerning a confirmation of sale, and hence no au-
thority for the officer's conveyance is shown, because
it has always been the law that a sale must be con-
firmed before a deed can issue.   Knowledge of the
proceedings described in the answer is imputed to the
intervener, but he may have known everything stated
in that pleading, and yet, if they were no better than
there described, they did not affect him nor call for ac-
tion on his part.   The plaintiff also charges that the
intervener knew that Mrs. Cyrus had represented that
she was the owner of the property, and so obtained
the credit upon her note to the plaintiff, but it is not
averred when the intervener acquired this knowledge
whether before or after the loan was made.   Further,
the charge that the defendants and the intervener
"have fraudulently conspired to divest plaintiff of her
rights in and to said property" is only a conclusion
of law; there being no facts stated upon which a charge

of fraud could be based. The plaintiff, having undertaken to set out in detail all the steps in her acquisition of title to the land instead of pleading them, so to speak, according to their legal effect, must show all that is necessary for that purpose, and they must be well pleaded. The omissions pointed out are fatal to her estate, as she has declared its origin. The matter to which reference has been made not being well pleaded, the intervener loses nothing by reason of his attempted denial of information and belief; for, as stated before, admissions are binding only so far as the unchallenged statements are well pleaded. This remits us to the sufficiency of the cross-complaint in intervention.

5. It sufficiently appears by that pleading that the intervener paid all the purchase price for the property, and that the judgment debtor, Mrs. Cyrus, had only the bare naked title; that she had no beneficial interests in the tract, and consequently nothing available to a judgment creditor. It is a principle well established by former decisions of this court that only the actual interest of a judgment debtor in realty is liable for the satisfaction of a judgment. It is thus stated in *Meier* v. *Kelly,* 22 Or. 136, 139 (29 Pac. 265, 267):

"As a general rule, unless otherwise provided by statute, a judgment lien only attaches to the actual, and not the apparent, interest of the judgment debtor in land, and is subject to all equities which were held against the land in the hands of the judgment debtor at the time the judgment was rendered, whether known to the judgment creditor or not. When called upon in a proper case, courts of equity are always ready to protect the rights of those who hold such equities as against the judgment lien and to confine the latter to the actual interest of the judgment debtor."

A like doctrine is taught in *Laurent* v. *Lanning,* 32 Or. 11 (51 Pac. 80), *Dimmick* v. *Rosenfeld,* 34 Or. 101 (55 Pac. 100), and *Smith* v. *Farmers & Merchants' National Bank,* 57 Or. 82 (110 Pac. 410). The analogy is followed in *Gladstone Lumber Co.* v. *Kelly,* 64 Or. 163 (129 Pac. 763), where the argument is summed up with the statement that, "the judgment debtor having put nothing into the property, his creditors can take nothing out of it." The creditor cannot reap where his debtor has not sown. The cross-complaint in intervention is a sufficient pleading.

6. The controversies of fact arising on the traverse thereof have been settled by the trial court in favor of the intervener. In the absence of any testimony in the record before us, we cannot overturn those findings, but must accept them as a correct determination of the dispute to which they refer. They are within the issues raised by the cross-complaint and the mere denials of the answer. The attempted contention sought to be raised between the new matter of the answer and the so-called contradictions of the reply is negligible, as we have already shown.

7, 8. Finally, it is urged that the court was without power to act, because Augusta M. Cyrus was not made a party. This defect, if it be one, appeared on the face of the pleadings, and could have been presented by demurrer, in default of which it has been waived. Moreover, it does not lie in the mouth of the plaintiff to raise such an objection at this time, because she is before the court claiming to have succeeded to all the rights of Mrs. Cyrus in the premises by virtue of the execution sale. The plaintiff has all that Mrs. Cyrus had or nothing. If she obtained anything by the sheriff's deed, she herself is here representing that interest. If she got nothing by that instrument, she has no

standing in this litigation. In either case this objection is without merit.

The decree of the Circuit Court is affirmed.

AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.

MR. JUSTICE EAKIN absent.