Submitted on briefs April 6, affirmed April 27, 1926.

# M. E. THOMPSON ET AL. *v.* E. W. HENDRICKS ET AL.

### (245 Pac. 724.)

Judgment—Judgment Creditor of Grantors, by Recording Judgment After Plaintiffs were in Open Possession of Land Under Unrecorded Deed, Held not to have Acquired Lien Thereon (§§ 205, 207, Or. L.).

Where plaintiffs were deeded land in 1917 and went into immediate possession thereunder, but did not record deed until 1922, defendant having obtained judgment in 1916 against grantors in foreign county, and having recorded it in county of *situs* of land in 1920 at time plaintiffs were in open possession, *held* not to have acquired, under Sections 205, 207, Or. L., lien on land.

---

Judgments, 34 C. J., p. 610, n. 37, 41.
Statutes, 36 Cyc., p. 1130, n. 69.

From Multnomah: ROBERT G. MORROW, Judge.

In Banc.

AFFIRMED.

---

1. See 15 R. C. L. 816.

For appellant there was a brief over the name of *Messrs. Reeder & Eastham.*

For respondents there was a brief over the name of *Messrs. Wood, Montague & Matthiessen.*

RAND, J.—While it is claimed that this suit was brought to remove a cloud on the title of plaintiffs to certain real property in Multnomah County, Oregon, the suit is really one brought under Section 516, to quiet plaintiffs' title. There were several defendants claiming separate liens against the property, and the suit was brought to quiet the title as to all of them. All of said defendants, except the defendant Hendricks, made default in the court below, and a default decree was taken against them. Hendricks demurred to the complaint; his demurrer was overruled, and declining to plead over, for want of an answer, a decree was given against him. From that decree he appealed. The sufficiency of the complaint when objected by general demurrer is the sole question for consideration here.

The material allegations are, that George Bieloh and wife, the former owners of the property in controversy, on or about July 17, 1917, for a valuable consideration, sold and conveyed the same by good and sufficient deed to plaintiffs, and that immediately following the execution and delivery of the deed, plaintiffs entered into, and have ever since continued to be in, the actual, open, notorious and exclusive possession of said property; that subsequent to January 1, 1916, the particular date not being stated, the defendant Hendricks obtained a judgment against George Bieloh in the Circuit Court for Marion County, and had the same docketed in the judgment

docket of that county; that a certified transcript of the original docket was filed in the office of the county clerk of Multnomah County, on January 6, 1920, and that upon the filing of such transcript, the clerk of Multnomah County docketed the same in the judgment docket of his office. That the deed from Bieloh to plaintiffs was not recorded until October 26, 1922, which was subsequent to the docketing of the transcript in the office of the county clerk of Multnomah County.

It is the contention of the defendant that because plaintiffs had failed to record their deed before a transcript of his judgment was docketed in Multnomah County, he acquired by virtue of Sections 205 and 207, Or. L., a lien against the property for the amount of this judgment, notwithstanding that it is alleged and for the purposes of the demurrer admitted that at the time the judgment was so docketed plaintiffs were in the actual, open and notorious possession of said property. Section 205, *inter alia,* provides that: "From the date of docketing a judgment as in this chapter provided, or the transcript thereof, such judgment shall be a lien upon all of the real property of the defendant within the county or counties where the same is docketed," and Section 207 provides: "A conveyance of real property, or any portion thereof, or interest therein, shall be void as against the lien of a judgment, unless such conveyance be recorded at the time of docketing such judgment, or the transcript thereof, as the case may be." These two sections have been the subject of judicial construction in numerous cases, and have not been given the effect contended for.

It was held in *Stannis* v. *Nicholson,* 2 Or. 332, that the lien of a judgment which had been reduced to an

absolute legal title by sale under execution would not, by virtue of Section 207, prevail over known equitable rights.

In *United States* v. *Griswold,* 8 Fed. 556 (7 Sawy. 332), by DEADY, J., it was held, that the lien of a docketed judgment in its effect upon unrecorded conveyances should be limited to cases where it had been acquired in good faith and without notice of such conveyances. After referring to the construction thus placed upon this statute, and stating that it was not in accordance with its literal meaning, it was held in *Baker* v. *Woodward,* 12 Or. 3 (6 Pac. 173), that this was entirely consistent with the reason and spirit of the statute. In *Meier* v. *Kelly,* 22 Or. 136 (29 Pac. 265), a case in which equitable rights only were involved, it was held that unless otherwise provided by statute, a judgment lien attaches only to the actual and not to the apparent interest of the judgment debtor, and is subject to all equities which existed against the land at the time the judgment was rendered, whether known to the judgment creditor or not, and that for the protection of such equities, the judgment lien will be confined to the actual interest which the judgment debtor had in the land at the time the lien attached. In that case it was pointed out that a judgment lien creditor is neither by statute nor as a matter of law an innocent purchaser for value, until an actual levy under execution is made. That until that time, the judgment lien is a mere gratuity conferred by law, for which the judgment creditor has paid nothing; that it confers the right to levy upon the land to the exclusion of adverse interests acquired subsequently to the judgment, but does not create an estate which does or can in any way affect prior equities. The court then said: "The object of

the statute, is to require parties holding conveyances to put them upon record, and for a failure to do so subject their interests to the liens of subsequently acquired judgments.'' This latter statement referred to matters not then before the court, since in that case only equitable rights were under consideration. In *Riddle* v. *Miller,* 19 Or. 468 (23 Pac. 807), it was held that an attaching creditor who as against third persons is, by Section 301, Or. L., deemed an innocent purchaser for value, takes his lien subject to any outstanding equity of which he has knowledge or notice. In *Laurent* v. *Lanning,* 32 Or. 11 (51 Pac. 80), it was held that for a judgment lien to have precedence over a prior unrecorded deed or mortgage, it must have been taken or acquired in good faith, without knowledge or notice of such prior unrecorded deed or mortgage. In *Dimmick* v. *Rosenfeld,* 34 Or. 101 (55 Pac. 100), where the judgment debtor subsequently to the docketing of the judgment had acquired the naked legal title to land purchased by him with his wife's money and as her agent, and the deed had been wrongfully taken in his name, and title had been subsequently conveyed to the wife and the deed recorded before execution was levied upon the land, it was held that the judgment did not become a lien upon the land, because the judgment debtor never had an interest therein to which it could attach, and that the execution creditor was in no better position by reason of his levy than he would have been if he had purchased the premises directly from the judgment debtor.

In *Smith* v. *Farmers & Merchants' Nat. Bank,* 57 Or. 82 (110 Pac. 410), where the facts as to the acquisition of title by the judgment debtor were almost identical with those of the last case cited, it was held

that the lien of a judgment only attaches to the real property of the defendant, and only applies to his actual interest in the property. Among other things, the court said: "A levy under execution upon property will place the judgment creditor in the position of a *bona fide* purchaser for value. But the levy must be made without notice on the part of the judgment creditor of an equity or outstanding title. He will be in no better position than a purchaser under the same circumstances." In that case, as in the preceding one, the judgment debtor held only the mere naked legal title, and had conveyed the property by deed, which had been recorded before the execution had been levied upon the property.

In *Gladstone Lumber Co.* v. *Kelly,* 64 Or. 163 (129 Pac. 763), where the husband had purchased property in his wife's name, and instead of taking title in her name according to her instructions he took title in them jointly, a judgment was obtained against him individually, after which as we understand the decision, he conveyed his interest to his wife. The question was whether under these facts the judgment was a lien upon the property, an execution having been issued and returned unsatisfied. In that case this court said: "Although the legal title appears of record to be in the judgment debtor, only his actual interest therein is liable to a judgment against him."

In *Schultz* v. *Selberg,* 80 Or. 668 (157 Pac. 1114), real property had been purchased by one party who paid the purchase money, and who had had the property conveyed to his sister, against whom a judgment had been docketed, which property was later sold under execution and a sheriff's deed therefor obtained by the judgment creditor. Prior to the sale thereof, possession of the property was either in the one who

paid the purchase money or his tenants. The question was whether or not, under such circumstances, the judgment was a lien against the property. In disposing of the case among other things, the court said: "It is a principle well established by former decisions of this court that only the actual interest of a judgment debtor in realty is liable for the satisfaction of a judgment.

In *People's Bank* v. *Rostad,* 86 Or. 695 (169 Pac. 347), it was held that a prior unrecorded trust deed was not affected through the failure to record by the provisions of Section 207, Or. L., and in *Hawkenson* v. *Rostad,* 86 Or. 704 (169 Pac. 350), where one party conveyed the land to another who immediately gave the grantor a mortgage upon the land and then reconveyed it to the original grantor, which latter conveyance was not recorded, it was held that a judgment creditor of the grantee in the first deed had no lien upon the land.

*Belcher* v. *La Grande Nat. Bank,* 87 Or. 665 (171 Pac. 410), was a case very much, if not entirely, on all-fours with this case. The question passed upon was, "whether or not plaintiff's unrecorded deed is superior to the lien of defendant's docketed judgment." In that, as in this, the conveyance was executed, when so far as the record discloses there were no creditors to complain, and the transaction was free from fraud, and at the time the lien was docketed, the grantee or its tenants were in the actual, open and notorious possession of the property, and it was held that before a judgment lien could prevail over a prior unrecorded deed, the lien must have been taken or acquired in good faith, without notice or knowledge of the unrecorded conveyance. In that case as in this, the possession of the property by the grantee

in the unrecorded deed, or his tenants, was sufficient to charge the lien creditor with notice of the owner's rights which would prevent the lien of the judgment from attaching.

Defendant contends, however, that the decisions above referred to should not be followed in the decision of this case, because they fail to give effect, he says, to the provision of Section 207. The provision contained in Section 207 is inconsistent with the provision contained in Section 205, which latter section provides that the judgment when docketed shall be a lien upon all the real property of the defendant, clearly intending to limit the lien to the property of the defendant only, and not to give a lien on some other person's property. These provisions are parts of one and the same act, and it would seem that the applicable rule for their construction would be that where there are two inconsistent provisions in a statute, the one must, if possible, be read as a qualification of the other: *Ebbs* v. *Boulnois*, 44 L. J. Ch. 691–694; Beals' Cardinal Rules of Interpretation (3 ed.), by Randall, 480, and authorities there cited.

If this rule is applicable to the construction of this act, then by reading the provision contained in Section 205 as a qualification of the provision contained in Section 207, the statute means that any unrecorded conveyance of real property is void as against the lien of a judgment upon whatever real property, if any, the judgment debtor may have at the time the judgment is docketed. Under this construction, any prior unrecorded, fraudulent conveyance would be void because not passing title, but if the unrecorded conveyance was one which was made in good faith and for value, the lien would not attach, even though the judgment creditor had no knowledge or notice of

it. By merely docketing his judgment, a judgment creditor parts with nothing, and does not become entitled to have the property of an innocent purchaser for value applied in satisfaction of a debt he does not owe. When properly construed, we think the statute did not so intend. In this connection, it will be noted that the doctrine announced in the earlier cases has not been followed in some of the later cases, where the rights were purely legal. The statute itself makes no exception of equitable rights; in fact, it contains no reference to equitable rights. There does not seem to be any reason why this statute should be extended so as to exclude from its operation prior unrecorded conveyances creating equitable estates and include prior unrecorded conveyances creating legal estates where the latter were made in good faith for value.

For these reasons the judgment of the lower court is affirmed.                                     AFFIRMED.

BURNETT, J., concurs in result.