## BUCKLEY et al. v. VERHONIC et al.
No. 3194.

Second Division.
July 10, 1933.

Chas. E. Taylor, of Fairbanks, for plaintiff.
Harry Pratt, of Fairbanks, for defendant.

GORE, District Judge.

In this action it appears that plaintiff Tim Buckley and one Ward deed all their real property and deliver bills of sale of personal property to defendant Verhonic in trust to pay creditors named in the agreement, Plaintiff's Exhibit A, entered into between these parties. The agreement was dated November 12, 1917, and was part of the transaction whereby the deed and bills of sale were delivered. It provided that the trustee should rent, care for, sell, or otherwise dispose of the property described therein and from the money derived therefrom to pay certain costs and expenses, to pay two claims in full, then to prorate any balance among named creditors of Buckley and Ward, and finally to pay certain named individual creditors of Buckley; the amounts due to these creditors being fully set forth in the agreement. If any other creditors of Buckley and Ward, or either of them, desired to be included in the arrangement, the agreement provided that they could be so included upon filing proof of their claims and with consent of Buckley and Ward.

The real property described in the agreement could not be sold by the trustee without the consent of Buckley before August 1, 1919.

The plaintiffs in the action adopt the theory that the deed and agreement constitute a deed of trust in the nature of a mortgage. The defendant Verhonic answered the complaint of the plaintiff and sets up three affirmative defenses, to which defenses the plaintiffs demur.

The first affirmative defense pleads the statute of limitations in words as follows: "That neither the plaintiffs, nor their predecessors in interest, nor their ancestors, nor their creditors, now are or have been possessed or seized of the placer mining claims described in said complaint, or either of them within ten years next preceding the commencement of this suit."

The action is one to remove a cloud on the title. The property described consists of unpatented mining claims.

The action is an equity and is based on a continuing right. In O'Hara v. Parker, 27 Or. 156, 39 P. 1004, 1006, the court quoted Mr. Pomeroy in note 1 to section 1399, volume 3, of Equity Jurisprudence, as follows: "When the estate or interest to be protected is equitable, the jurisdiction should be exercised, whether the plaintiff is in or out of possession, for under these circumstances legal remedies are not possible; but, when the estate or interest is legal in its nature, the exercise of the jurisdiction depends upon the adequacy of legal remedies. Thus, for example, a plaintiff out of possession, holding the legal title, will be left to his remedy by ejectment. * * * Where, on the other hand, a party out of possession has an equitable title, or where he holds the legal title under circumstances that the law cannot furnish him full and complete relief, his resort to equity to have a cloud removed ought not to be questioned."

That doctrine is generally accepted, and, being accepted, under the authority of Meier v. Kelley, 22 Or. 136, 29 P. 265, the statute of limitations is not a defense. The suit is never barred while the adverse claim of interest exists. The plaintiffs have a continuing right to the aid of the court of equity to ascertain and determine the nature of such claim and its effect upon their title, and a suit by them for such purpose cannot be barred by the statutes of limitations.

The plaintiffs' demurrer to the first affirmative defense is therefore sustained.

The second affirmative defense alleges in effect that the creditors mentioned in the trust agreement had been paid only a small portion of the amounts owing to them on May 31, 1919, and on that date they agreed with the defendant Verhonic that one James Cody might be substituted as trustee; that James Cody entered into the trust and paid certain sums of money to the creditors mentioned, but that none of said creditors have received more than a small portion of the amounts due them; that Cody departed from

the territory of Alaska and is not taking any steps in the interests of the beneficiaries; and that beneficiaries are necessary and indispensable parties to the action, their names having been set forth.

While a trustee may resign, he has no authority to appoint his successor. He is the agent or trustee for both debtor and creditor; the agreement setting forth that the trustee must render an accounting to the grantors in the deed. Both debtor and creditor repose a personal confidence in the trustee and have the right to expect him to be absolutely impartial between them. This relationship is such that a trustee is prohibited from delegating his power of authority to any other person. See 41 C.J. 605 and notes; 41 C.J. 285. The trustee having no right to delegate his authority to any other person, he had no right to substitute Cody as the trustee.

From the pleadings it appears that Verhonic is still in possession of the property and not Cody. Paragraph 18 of the complaint alleges: "Defendant Verhonic is claiming or asserting that he is the owner of all the interests in the mining claims described in the deed from plaintiff, Tim Buckley, to said Verhonic, hereinabove referred to and that he is attempting to sell or otherwise dispose thereof. * * *"

Verhonic having been made a defendant and having answered, the plaintiff is not required to bring in the beneficiaries as necessary and indispensable parties. The claims of the beneficiaries are all set forth in the agreement; the amounts due each being particularly mentioned. An accounting between the trustee and the beneficiaries is not necessary. Mitau v. Roddan, 149 Cal. 1, 84 P. 145, 6 L.R.A.(N.S.) 275. It was necessary that beneficiaries be made parties when such beneficiaries are bondholders and the action is one to declare the bonds invalid, but in such cases, the trustee has no particular duty to perform. In the present case, the trustee has similar duties to those of the trustee in the case of Kerrison v. Stewart, 93 U.S.

155, 23 L.Ed. 843. The present trustee was to rent, sell, or otherwise dispose of the property mentioned and to pay claims in the order described in the agreement. He had complete charge of the property, and he did represent the trust and its property. He appears in this present action to defend, and, although the beneficiaries may under proper circumstances intervene and ask to be made parties, the plaintiff need not go after them except under the direction of the court, and, as Verhonic is contesting the demands of the plaintiff, the beneficiaries need not be made parties.

The gist of the second affirmative defense is that the creditors have not been paid in full and the demands of the plaintiff are for the rescinding and cancellation of the deed and bill of sale, thereby removing the cloud from the title. As stated before, the plaintiff adopted the theory that the transaction comprises a deed of trust in the nature of a mortgage, and under this action he prays, in effect, that the mortgage be. canceled and held for naught. In such an action a defendant can properly set up a defense that the debt secured by the mortgage has not been paid. The defendant Verhonic, as trustee, is the mortgagee in possession, which possession was gained in a lawful manner. The rule is stated in Cook v. Cooper, 18 Or. 142, 22 P. 945, 947, 7 L.R.A. 273, 17 Am.St.Rep. 709: "That while a mortgagee is not permitted to maintain a possessory action to recover the mortgaged premises by reason of the default of the mortgagor, still, if he can make a peaceable entry upon the mortgaged premises after condition broken, he may do so, and may maintain such possession against the mortgagor and every person claiming under him subsequent to the mortgage, subject to be defeated only by the payment of his debt. This view of the law in no manner interferes with the just rights of the mortgagor, and at the same time does not sacrifice the interest of the mortgagee to the merest technicalities of the law, which have sometimes been permitted to prevail, and the mortgagee turned out of possession stripped both of the property and his mortgage debt as well."

In Jones on Mortgages, vol. 1 (6th Ed.) § 715, he sets forth: "That a mortgagee cannot be divested of possession until payment. Even where a mortgagor cannot be divested of his possession without a foreclosure and sale, if the mortgagee, or anyone standing in his place, has with the assent of the mortgagor obtained possession, neither the latter, nor anyone claiming under him, can by an action of ejectment or otherwise recover possession until the debt is paid * * *" (citing cases from Arizona, California, Illinois, Minnesota, Montana, New Jersey, New York, Oregon, Pennsylvania, Texas, and Wisconsin).

It is true that the claims of the beneficiaries are barred by the statutes of limitations and no suit could be instituted upon them. A like situation arose in the case of Booth v. Hoskins, 75 Cal. 271, 17 P. 225, 227. In that case the plaintiffs owing defendant a mortgage debt brought action against the latter to quiet title to the property subject to such charge; defendant's cause of action to recover his money being barred by statute. The court said: "The whole case shows that Booth justly owed the defendant all the money claimed by him. * * * Common honesty requires a debtor to pay just debts, if he is able to do so, and the courts, when called upon, always enforce such payments if they can. The fact that a debt is barred by the statute of limitations in no way releases the debtor from his moral obligation to pay it. Moreover, one of the maxims which courts of equity should always act upon is, as suggested by the court below, that he who seeks equity must do equity."

■ Allegations of nonpayment of the debt secured by mortgage may be considered by a court of equity as a defense in a suit to quiet title or remove the cloud created by the mortgage. I construe the allegation in the second affirmative defense, relative to Cody's action in the premises, as an allegation that, after some payment had been made by Verhonic to the beneficiaries, other payment had been made to them by Cody, but such payments were not suffi-

cient to pay the claims of the beneficiaries in full. It is conceded that the agreement between Verhonic and Cody is of no force or effect. Setting forth the names of the beneficiaries is not a necessary allegation, but such allegation does no harm; therefore, the demurrer to the second affirmative defense is overruled.

It must be remembered that there is considerable difference between the present action and the action entitled Bart C. Buckley v. Verhonic and Cody, No. 3357, for in that case the relief demanded is for the correction of a deed, while in the present case the relief demanded is, in effect, the cancellation of a mortgage.

In defendant's third affirmative defense he pleads laches on the part of the plaintiff and that the demand is a stale demand. Such a defense is based on the maxim that equity aids the vigilant and not those that slumber on their rights.

The demurrer to the third affirmative defense, therefore, is overruled.

Defendant is allowed twenty days within which he may file an amended answer if he so desires.