## GEORGE HATCH

*v.*

## AMORY BIGELOW AND JOSEPH J. MILLER.

1. NOTICE—*bona fide purchasers—recording acts.* Whatever is sufficient to put a subsequent purchaser upon inquiry as to the rights of others, must be considered legal notice to him of those rights. A purchaser is held affected with notice of all that is patent on an examination of the premises he is about to buy.

2. The agent of a party claiming title to real estate in Chicago, put up on the premises a board, on which was printed, " For sale by S. H. Kerfoot & Co., 48 Clark street." Kerfoot & Co. were the agents of the party claiming title. *Held,* that a creditor whose judgment lien attached while this notice was posted upon the premises, was thereby notified of the interest of the party claiming title, since, upon inquiry of the agents, he could have ascertained the extent and character of the title, and could not, therefore, be considered a *bona fide* purchaser.

3. The fact that the party claiming title had laid down a sidewalk, is one proper to be considered in connection with other marks of ownership, and this is so whether the sidewalk is constructed by order of the city or not. If by order of the city, it must have been made against the owner of the lot, whoever he might be. In these cases notice does not generally arise from one circumstance alone, but from a collection of facts which, taken together, may be held sufficient to put a party upon inquiry.

WRIT OF ERROR to the Superior Court of Chicago; Hon. JOSEPH E. GARY, Judge, presiding.

This is an action of ejectment brought to recover possession of lot five, block eighteen, in Johnson, Roberts & Storrs' addition to Chicago. Both parties claim under Samuel B. Pomeroy. The defendants in error trace title from two judgments against Samuel B. Pomeroy and Eleazar L. Pomeroy, in United States Court, which became a lien on the land the 28th of September, 1857. The sale of said land under two executions issued on said judgments January 17, 1862, and a deed from J. R. Jones, U. S. Marshal, to defendants in error.

The plaintiff in error (who is tenant under Frederick J. Posey), claims title by a bond from Samuel B. Pomeroy to Benjamin F. Lushbaugh, dated December 29th, 1856, and assignment of same from said Lushbaugh to Frederick J. Posey, dated 12th day of September, 1857, and deed from Samuel B. Pomeroy to Frederick J. Posey, the landlord of plaintiff in error, dated February 15, 1859. The bond for a deed from Pomeroy to Lushbaugh was not recorded. The bond under which Posey, the landlord of the plaintiff in error, claims, was for the conveyance of the land in question by Pomeroy to Lushbaugh, in consideration of $955.50—$238.88 cash, and the balance in three yearly installments with interest at six per cent. The first deferred payment was duly made on 29th December, 1857, amounting to $281.87; the second was made on the 13th of January, 1859, and amounted to $263.33; and the last was made at the date of the deed from Pomeroy to Posey, on the 15th of February, 1859, having been anticipated by about ten months.

The cause was tried by the court without the intervention of a jury, at the January Term, 1864. Upon the trial, the plaintiff, after giving in evidence his title papers, called, as a witness,

*Samuel H. Kerfoot*, who testified in chief as follows: I had charge of the property after it was purchased by Lushbaugh and Posey; Mr. Lushbaugh left it for sale with S. H. Kerfoot & Co., and we put a board upon it, notifying the public that it was for sale, and to apply to our firm; can't tell what has become of the board; have not got it; can't produce it; we

fenced the whole block for Pomeroy and Wendell, for whom we were agents; this was before the sale to Lushbaugh; we built sidewalk after Lushbaugh purchased; Lushbaugh & Posey resided at Hagerstown, Maryland, at the time of sale to Lushbaugh and assignment to Posey; I didn't know of assignment until 29th December, 1857, when Posey sent the money to us to make the payment; the board on the premises, notifying the public that "this property was for sale, apply to our firm," remained on this property until after December 29th, 1857; the board was put up very promptly after the sale to Lushbaugh, which sale was made through our firm; the board was on this lot in question; we had no other lot in the block for sale; the sidewalk was put in front of the lot in the summer of 1857; the language of the board was, "For sale by S. H. Kerfoot & Co., 48 Clark street."

*Cross-examination.*—I don't know who put the board there; I saw it there during that year frequently, before September 28th, 1857; I often went by there; I am sure it was on this lot; I had sold the south three lots of the block before to Chas. V. Dyer, for Pomeroy; Mr. Wendell, of Albany, owned the property north of this lot; the fence was around the whole block in common; not subdivided on the line of lots; nothing to distinguish one lot from the other; I am not sure but there was a fence on the north line of the lot, between Wendell and Pomeroy; Pomeroy had put trees around his, the south half of the block; no fence between lots five, six, seven or eight; we put a fence round the whole block eighteen; Mr. Pomeroy owned the whole south half of the block; I was agent of Posey; I collected rent for him and do still; Wilsey paid rent on the lease before Smith; the sidewalk was in front of the whole block; there was no house on the lot at the time of the sale to Lushbaugh & Posey, in 1859.

It was admitted on the trial that Hatch, the plaintiff in error, holds under Posey.

Judgment was rendered for the plaintiffs below, and the defendant below sues out writ of error.

Messrs. HERVEY, ANTHONY & GALT, for the plaintiff in error.

The court should have given judgment for plaintiff in error. Although the contract from Pomeroy to Lushbaugh, under which plaintiff in error claims, was not recorded on the 28th of September, 1857, the day which the judgments under which defendants in error claim became a lien, yet there were certain facts and circumstances, apparent upon and around said lot, sufficient to have put the defendants in error upon inquiry as to the title to the land; and they are chargeable with knowledge of such facts, as to the rights of other parties in said lot, as might have been ascertained by pursuing the inquiry, as a prudent purchaser would have done. When a purchaser has sufficient information to lead him to the knowledge of a fact, he shall be deemed cognizant of that fact. *Doyle et al.* v. *Teas et al.*, 4 Scam. 250; *McConnel* v. *Reed*, id. 123; *Merrick* v. *Wallace*, 19 Ill. 486; *Rupert et al.* v. *Mark*, 15 id. 541; *Brown et al.* v. *Gaffney et al.*, 28 id. 149; *Ross* v. *Hall*, 27 id. 104; *Morrison* v. *Kelly*, 22 id. 610.

The witness Kerfoot testifies that he had the control and possession of the lot in question from about December 29, 1856, until and after December 29, 1857, as agent of Lushbaugh and Posey, the landlords of plaintiff in error; built a sidewalk in front of it for Lushbaugh, and put a board on the lot, on which was painted: " For sale by S. H. Kerfoot & Co., 48 Clark street." This board was put on the lot in question soon after December 29, 1856, and remained till December 29, 1857.

At the time, then, that the judgments of defendants in error become a lien upon this land, to wit, September 28, 1857, the landlord of the plaintiff in error was in possession of the lot by his agent, Kerfoot; had caused a plank sidewalk to be built in front, and advertised it for sale through Kerfoot. Were not these *indicia* of a possessory title sufficient to have put a prudent man on inquiry? Would not a prudent man, on seeing the notice of sale, have gone to Kerfoot & Co. to find out who claimed the land? If defendants in error had done so, they would have found out the existence of this contract of sale from

Pomeroy to Lushbaugh, and that Kerfoot was acting as his agent. And if the sidewalk and notice of sale were sufficient *indicia* of possession to have put defendants in error on inquiry, then they are chargeable with a knowledge of all the facts that might have been found out by pursuing the inquiry to Kerfoot & Co.'s office, where they might have learned of this unrecorded contract.

And if, by the circumstances aforesaid, the defendants in error were chargeable with notice of the unrecorded contract at the time their judgments became liens, then the deed from Samuel B. Pomeroy to Frederick J. Posey, the landlord of the plaintiff in error, of February 15, 1859, made in pursuance of said unrecorded contract, relates back to December 29, 1856, the date of said contract. *Snapp* v. *Pierce et al.*, 24 Ill. 156.

Again, a party holding land under a recorded deed, to defend his title against a claimant under a previous unrecorded equitable title, must show that he has an equitable as well as the legal title, and this must be sustained by proof that he purchased the land in good faith, and actually paid for it before notice of the previous equitable title. *Brown* v. *Welch*, 18 Ill. 343.

Now, at the time the marshal conveyed this lot to defendants in error, May 21, 1863, the deed from Pomeroy to Posey was on record, filed for record September 12, 1860, and was notice to defendants in error, before they paid their money, or satisfied their executions, that the title to the lot was in Posey.

Mr. George Payson and Mr. Chas. H. Hopgood, for the defendants in error.

The possession in this case was not such as the law requires, to be notice of an unrecorded deed. The only facts to establish notice, are the *fence*, the *sidewalk*, and the *board*.

The *fence* is no notice; first, because it was built by Pomeroy before the sale; and, second, because it was a common fence around this lot and ten or twenty others; some belong-

ing to Pomeroy, and some to the parties to whom Pomeroy had sold.

The *sidewalk* is no notice; first, because it was common to this lot and all the others on that street; and, second, because sidewalks in our cities are built in obedience to the orders of the city government—they are a tax on the land; they have to be built no matter who owns the land; and are consequently no indication whatever that the land has changed owners.

Then, was the *board* notice? The appellant says it was, and relies on *Mark* v. *Rupert*, 15 Ill. 542.

But, first, that case must be taken with the facts just as they were; there was actual, open, visible possession for three or four years, a fence all round the lot, and a stable upon it; second, the court in that case speak of an open and visible possession, an actual and exclusive possession; third, this case must be taken in connection with other decisions of this court. But in every case in Illinois, where possession has been relied on, the party has been in actual possession, living on the land, or having a building upon it; fourth, this court approves the rule as laid down by the courts of other States.

Those decisions show, first, that the presumption is in favor of the subsequent purchaser. *Boggs* v. *Varner*, 6 Watts & S. 469, 474. Second, that the notice must be such as to leave no doubt; that conjecture and probability are not enough. *Lawrence* v. *Tucker*, 7 Greenl. 200; *Curtis* v. *Mundy*, 3 Met. 407; *Cabines* v. *Mahon*, 2 McCord, 273. Third, that the possession must be actual, and amount to a *disseisin* or adverse possession. Lead. Cas. in Eq. vol. 2, pt. 1, p. 118. Fourth, that the possession must be exclusive. *Billington* v. *Welsh*, 5 Binney, 132; Lead. Cas. in Eq. vol. 2, pt. 1, p. 119; and, as a leading case on this whole question, *McMechan* v. *Griffin*, 3 Pick. 156.

The notice must be notice at the time the judgment becomes a lien; notice at the time of levy and sale is not sufficient. *Martin* v. *Dryden*, 1 Gilm. 188.

Mr. JUSTICE BREESE delivered the opinion of the Court:

In December, 1856, Pomeroy, then being the owner of the lot in controversy, sold it to Lushbaugh and gave him a contract for a deed, which contract was not recorded. This lot was at the time inclosed in common with other lots in the same block, but there were no division fences. Immediately after the sale, Kerfoot, as agent of Lushbaugh, caused to be placed upon the premises, a board with this inscription: " For sale by S. H. Kerfoot & Co., 48 Clark street," which remained on the lot until after the rendition of the judgment under which the defendants in error derive title.

Kerfoot also, as agent for Lushbaugh, caused to be laid down a sidewalk in front of the premises.

In February, 1859, a deed was executed in pursuance of this contract to Posey as assignee of Lushbaugh. Under this contract and deed the plaintiff in error claims title as tenant of Posey.

The defendants in error derive title from two judgments against Pomeroy in the United States Court, which became a lien on the 28th of September, 1857, a sale upon execution, and a deed from the marshal.

Since the rendition of the judgment, Posey has erected a house upon the premises, and was in possession at the commencement of the suit.

The question presented is, whether, at the time the lien of the judgment attached, there was upon the lot such *indicia* of ownership, visible to all the world, as to amount to constructive notice of Lushbaugh's inchoate title.

The courts of the various States have differed somewhat as to the degree of proof necessary to affect a party with constructive notice. In this court, it has been held that, whatever is sufficient to put the subsequent purchaser upon inquiry as to the rights of others, must be considered legal notice to him of those rights. *Doyle* v. *Teas*, 4 Scam. 250; *Rupert* v. *Mark*, 15 Ill. 542. This principle has been adopted whenever the question has arisen in subsequent cases; and, deeming it to be founded in justice and sound policy, we are not inclined to narrow it.

The recording law places creditors on the same footing with subsequent purchasers. So far as meritorious considerations are concerned, the former are certainly not, for obvious reasons, entitled to any higher degree of favor than the latter. Would, then, a subsequent purchaser have been held, in this case, to be affected with notice?

The board erected was placed on the lot by Kerfoot, as the agent of Lushbaugh, after the purchase by the latter. It is, therefore, to be regarded as placed there by Lushbaugh, and as if it had referred persons desiring to purchase to himself. A purchaser is held affected with notice of all that is patent on an examination of the premises he is about to buy. Is not, then, this advertising board to be regarded in precisely the same light as if a subsequent purchaser had been informed in writing that Kerfoot claimed the right to sell the lot, and therefore claimed some title or interest in it? And does not such notice put the purchaser upon inquiry as to that interest, whatever it may be, and whether held by Kerfoot, in his own right, or as agent of another? A prudent man would have gone to Kerfoot, whose place of business is given, and ascertained the nature of his claim before completing a purchase. Surely this advertisement, posted upon the premises, and setting up a claim to them by offering to sell them, cannot be considered a notice less satisfactory than would be the inclosing of part of a tract of land, and the erection upon it of a stable, which was the case of *Rupert* v. *Mark.*

But the case does not depend upon the advertisement alone. Lushbaugh had laid down a sidewalk. Without deciding that this of itself would be a sufficient possession to raise the presumption of notice, it is certainly a fact worthy to be considered in connection with the other marks of ownership. In these cases, notice does not generally arise from one circumstance alone, but from a collection of facts which, taken together, may be held sufficient to put a party upon inquiry. The ground covered by the sidewalk was a portion of the lot subject to an easement. In laying down the sidewalk, Lushbaugh was working upon his own premises. It is urged that sidewalks are con-

structed by order of the city. It does not appear that an order was made in this case. But it matters not. If made, it would have been against the owner of the lot, whoever he might be. The fact that Lushbaugh responded to such order does not leave him in a different position from that he would have occupied had he laid the walk upon his own motion.

We think that the advertisement and laying the sidewalk were sufficient to put a subsequent purchaser upon inquiry, and they must have the same effect as against a subsequent judgment creditor. The judgment is reversed.

*Judgment reversed.*