Argued February 20, affirmed March 12, 1918.

## BELCHER *v.* LA GRANDE NAT. BANK.

(171 Pac. 410.)

**Deeds—Delivery—Right to Question.**

1. A judgment creditor of one of two grantors could only question the delivery of the conveyance so far as it involved the interest of his debtor.

**Deeds—Sufficiency of Delivery—Delivery to Agent of Grantee.**

2. Where a deed by S. and B. was delivered to B., as the agent of the grantee, there was a sufficient delivery so far as the interest of S. was concerned.

Judgment—Priority of Lien—Unrecorded Conveyance.

3. Under Section 207, L. O. L., providing that a conveyance of real property shall be void as against the lien of a judgment, unless recorded at the time of docketing the judgment, or unless recorded within the time after its execution provided by law, a judgment lien, in order to have precedence over a prior unrecorded deed, must have been taken or acquired in good faith, without notice or knowledge of the unrecorded conveyance.

Judgment—Priority of Lien—Unrecorded Conveyance.

4. Where owners of land, who had contracted to sell it, conveyed the land and assigned the contracts to the grantee, but the deed was not recorded, the possession of the land by the executory purchasers was such possession by strangers to the legal title as charged a judgment creditor with notice of the grantee's rights, though the premises were in possession of the same persons before and after the conveyance.

From Multnomah: JOHN P. KAVANAUGH, Judge.

Department 2.    Statement by MR. JUSTICE BENSON.

This is a suit to remove a cloud from the title to real estate. The history of the transactions involved is about as follows: W. F. Stine and F. S. Belcher were the joint owners of two pieces of residence property in the City of Portland. On March 30, 1909, they executed a contract of sale of one tract to John F. Beaumont and wife, providing for monthly payments upon the purchase price, and a covenant to convey upon payment of a stipulated sum, and the purchasers entered into immediate occupation of the premises. On July 16, 1909, they entered into a similar contract for the sale of the other lot of land to Genevieve Chapman Sweet, who entered into immediate occupation of the premises. On November 1, 1909, they executed a deed conveying both tracts, subject to the above contracts and certain mortgages, to plaintiff, who is the mother of F. S. Belcher and the aunt of Mrs. Stine. On the same day that the deed to plaintiff was executed the two contracts of sale above mentioned were also assigned to her by written indorsement thereon, which indorsement was made upon the duplicates held by the purchasers.

The conveyance to plaintiff was signed and acknowledged by Stine and F. S. Belcher and their wives, and at that time handed to F. S. Belcher as the agent of the plaintiff, but due to an oversight it was not recorded at that time. On June 13, 1913, defendant obtained a judgment against Stine in Union County, where it was docketed, and on August 12, 1913, a transcript thereof was docketed in Multnomah County. The occupation of the purchasers Beaumont and Sweet or their assignees continued until after the judgment was docketed and this suit was commenced. There was a decree for plaintiff from which defendant appeals.   AFFIRMED.

For appellant there was a brief over the names of *Mr. Turner Oliver, Mr. Charles H. Finn* and *Mr. Rogers MacVeigh,* with an oral argument by *Mr. Oliver.*

For respondent there was a brief over the name of *Messrs. Littlefield & McGuire,* with an oral argument by *Mr. Robert F. McGuire.*

MR. JUSTICE BENSON delivered the opinion of the court.

1, 2. Upon the facts as above stated we are called upon to decide whether or not plaintiff's unrecorded deed is superior to the lien of defendant's docketed judgment. Counsel for defendant urge that the evidence does not establish a delivery of plaintiff's deed. The defendant can only question the delivery of the conveyance so far as it involves the interest of the grantor Stine, and as to his interest, at least, the evidence is clear that the deed was delivered to the son as the agent of his mother. The conveyance was executed at a time when, so far as the record discloses, there were no creditors to complain and the transaction carries no taint of fraud. The judgment was not docketed in Multno-

mah County until nearly four years after the transfer of the property to plaintiff. Prior to such transfer and at all times subsequent thereto, and until after this suit was commenced, the properties involved were in the open and notorious occupancy of strangers to the legal title; that is, of the holders of contracts for the purchase of the land.

3, 4. In support of the contention that the lien of its judgment is superior to plaintiff's deed, defendant relies upon the language of Section 207, L. O. L. The effect of this statute was first considered by this court in *Stannis* v. *Nicholson,* 2 Or. 332, in which it was held that a judgment lien cannot, by virtue of that act, prevail over known equitable rights, and this view has been consistently maintained in many decisions since then. In one of these, *Laurent* v. *Lanning,* 32 Or. 11, 18 (51 Pac. 80), Mr. Justice WOLVERTON says:

"It has become the settled construction of this statute that a judgment lien, in order to have precedence over a prior unrecorded deed or mortgage, must have been taken or acquired in good faith, without notice or knowledge of such prior unrecorded conveyance or mortgage, thus putting the judgment lien creditor upon the same footing as if he had subsequently acquired a deed to the same premises."

In *Randall* v. *Lingwall,* 43 Or. 383 (73 Pac. 1), Mr. Justice BEAN says:

"It seems to be well settled that the open, exclusive, and notorious possession of property by a stranger to the title is sufficient to put those who deal with it upon inquiry concerning the rights and equities of the party in possession, and to charge them with knowledge thereof when no inquiry is made."

Defendant urges that in this case the occupants of the premises prior to the execution of plaintiff's deed are the same people who occupied them afterward. We

cannot see that the identity of the occupants makes any substantial difference in the result for the fact at all times remained the same—they were strangers to the title and possessed the information which should have informed defendant of plaintiff's equities. We conclude that the decree of the trial court should be affirmed and it is so ordered. AFFIRMED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BEAN and MR. JUSTICE MOORE concur.