# CHARLESTON.

Submitted February 18, 1919.    Decided February 25, 1919.

W. S. HUPP *et al.* v. PARKERSBURG MILL CO. *et al.*

1. VENDOR AND PURCHASER—*Possession Under Unrecorded Deed—Notice.*

   Possession of a tract of land by the grantee thereof in an unrecorded deed, attended by only slight improvements such as might reasonably and fairly be deemed to have been the work of a tenant, or provision by an owner for a tenant, and unaccompanied by any conspicuous markings of the boundary lines, or improvement up to such lines, while his grantor resides upon and uses an adjacent tract which, together with the one conveyed by the unrecorded deed, constitutes a single tract to which he has recorded title and out of which he made the conveyance, is not sufficient to put a subsequent purchaser of such entire tract upon inquiry as to the title of the occupant under the unrecorded deed. (p. 492).

2. SAME

   In such case, the possession under the unrecorded deed is apparently consistent with that of the grantor having record title to all of the land on which there is such concurrent possession at different places, wherefore a purchaser from him is under no duty to prosecute his inquiry as to the title, beyond the record and the possession by the holder of the recorded title. (p. 494).

Appeal from Circuit Court, Calhoun County.

Suit by W. S. Hupp and others against the Parkersburg Mill Company and others, with cross-bill by defendants. Decree denying relief sought by the bill, and granting the prayer of the cross-bill, and plaintiffs appeal.

*Affirmed.*

*Bruce Ferrell,* for appellants.

*Pendleton, Mathews & Bell* and *R. F. Kidd,* for appellees.

POFFENBARGER, JUDGE:

The appellants, having been in possession of a tract of land, conveyed to them by E. J. Vannoy and wife, out of a larger tract to which the grantors had record title, by an unrecorded deed, at the date of the execution and recordation of a deed of trust on the entire tract, in favor of the Parkersburg

Mill Company, a corporation, brought this suit for cancellation of the deed of trust, in so far as it affects or relates to the portion of the land conveyed to them, as a cloud upon their title, under the impression that their possession constituted notice of their right, to the trustee and the trust deed creditor. Upon the bill and the joint and several answer of the trustee and creditor, denying notice and praying enforcement of the lien, the exhibits filed therewith, depositions taken and a stipulation filed, the court entered a decree denying the relief sought by the bill, for want of equity and granting the prayer of the cross-bill answer, from which the plaintiffs have appealed.

By deeds executed and duly recorded in 1910, Vannoy became the owner of a tract of land containing 406 acres and 93 poles. By a deed executed, July 9, 1912, and not recorded until November 11, 1913, Vannoy and his wife conveyed to the appellants, a portion thereof containing 91½ acres, describing it by metes and bounds. For the most part, the land so conveyed was unimproved. In a cleared space containing an acre and a half or two acres, there was a house into which the grantees moved in December 1912, after having enlarged the cleared space by about an acre and built a corn-crib. Between that date and the execution of the deed of trust, they cleared some additional land in another place on the tract and cultivated it in corn, built some fence, sowed some grass seed, and set out a small orchard. The house and outbuildings were in view of a public road, but the other improvements were not. The deed of trust was executed, October 16, 1913, and admitted to record, October 22, 1913, without actual notice of the conveyance to the appellants or their claim of title as purchasers, on the part of the grantee or creditor. It conveyed all of the 406 acre tract, except five small parcels thereof, amounting in the aggregate to about 117 acres, previously sold to other parties and conveyed by deeds duly recorded, to secure to the Parkersburg Mill Company a promissory note for the sum of $2,000.00, executed by the grantor, but it did not except the 91½ acres previously conveyed to the appellants by the unrecorded deed.

In a chancery suit brought by the First National Bank of

Spencer, the portion of the 406 acre tract retained by Vannoy was sold and out of the proceeds of the sale, $690.67 was paid on the debt secured as aforesaid. A decree entered therein saved to that company its right to proceed against the 91½ acre tract conveyed to the appellants, for sale thereof to satisfy the unpaid portion of its said debt. After having denied all the material allegations of the bill, the answer averred the existence of the unpaid indebtedness secured by the deed of trust and prayed for a sale of the land in controversy to satisfy the same, by way of affirmative relief, which prayer was granted in the decree appealed from.

As between the appellants and Vannoy, their grantor, the unrecorded deed was valid and effective and their possession under it adverse. It must be admitted also, that they were not tenants in common with Vannoy. But these conclusions are not determinative of the issue raised by the pleadings or the rights of the parties. Possession under an executory contract, not adverse at all to the vendor, and even under a merely verbal contract, would be notice to a subsequent purchaser, under some circumstances. *Marshall* v. *McDermitt,* 79 W. Va. 245; *Anderson* v. *Nagle,* 12 W. Va. 98; *Atkinson* v. *Miller,* 34 W .Va. 115; *Campbell* v. *Fetterman,* 20 W. Va. 398. Upon an issue as to title between the grantor in an unrecorded deed in possession of land and a subsequent purchaser thereof claiming to have bought it and obtained a conveyance thereof, without notice of the prior conveyance, the relation between the grantor and grantee in the unrecorded deed, and their rights, are only incidentally involved. The real inquiry is whether the subsequent purchaser had notice of the prior right of the grantee in the unrecorded deed, so as to deprive him of the benefit of the statute declaring every deed conveying any estate void as to subsequent purchasers for valuable consideration and without notice, until and except from the time that it is duly admitted to record. Sec. 5, ch. 74 of the Code. The peculiar relation between tenants in common is a factor that sometimes enters into the inquiry. *Martin* v. *Thomas,* 56 W. Va. 220; *Ellison* v. *Torpin,* 44 W. Va. 414. But, when probative or potential, this, too, is only incidentally involved. The situation of the parties to the

transaction out of which this controversy has arisen and the facts and circumstances are altogether different from those disclosed by the records in the two cases just referred to and all others in which this court has been called upon to determine questions of notice between prior and subsequent purchasers, arising under the recording statute. In *Campbell* v. *Fetterman's Heirs,* 20 W. Va. 398, two town lots constituted the subject matter of the unrecorded deed, and the grantor was not in possession of any part of either of them at the date of the execution of the subsequent deed. Here, the grantee was in possession of the portion of the original tract conveyed to him by the unrecorded deed, while the grantor remained in possession of the residue thereof; wherefore there was concurrent and partial, but not joint nor common, possession of the original tract considered as an entirety. In *Delaplain* v. *Wilkinson,* 17 W. Va. 242, and *Anderson* v. *Nagle,* cited, the element of notice by possession was not involved, the claimants against the unrecorded papers having been creditors, as to whom such notice is unavailing, not subsequent purchasers. The decision in *Marshall* v. *McDermitt,* 79 W. Va. 245, rests upon another proposition, Marshall's estoppel by acceptance of the benefit of the decree under which his land was sold.

The legal effect of possession under such circumstances has been a subject of inquiry in other jurisdictions, however, and has generally been held to be insufficient to constitute such notice as will put a subsequent purchaser upon inquiry. It is so held because it is not inconsistent with the possession of the grantor. He is in possession of a portion of the land, under a deed calling for the entire tract and recorded. One contemplating the purchase of land so held is required to examine the record as to the title and also the land itself as to possession. Going to the record he finds a deed conveying the entire tract to the grantee; and going to the land, he finds the grantee in possession at some point on the tract. Although others may be found in possession also, their possession is not deemed to be inconsistent with that of the holder of the record title, ordinarily; wherefore the inquiry need not go beyond the record and the ascertainment of possession on the part of the grantee in the record title, unless there is

something in the character of the possession that renders it inconsistent with that of the holder of the recorded deed. That such others found in possession may be only tenants of his, though not known to be such, makes their possession legally consistent with the recorded title and his possession thereunder. *Billington* v. *Welsh,* 5 Binn. (Pa.) 129; 6 Am. Dec. 406; *Hewes* v. *Wiswell,* 8 Me. 94; *M'Mechan* v. *Griffing,* 3 Pick. (Mass.) 149; *Pope* v. *Allen,* 90 N. Y. 298; *Brown* v. *Volkening,* 64 N. Y. 76; *Holmes* v. *Stout,* 10 N. J. Eq. 419; *Coleman* v. *Barklew,* 27 N. J. L. 357; Wade on Notice, secs. 291, 293; Webb, Rec. Tit., sec. 232.

This theory of consistency in possession is not judicially asserted with a degree of rigidity that precludes possibility of notice by means of possession and improvement of a part of the land so held. The doctrine of the cases above referred to seems to be that circumstances sufficient to put a prudent man upon inquiry may amount to notice. "Actual notice of itself, impeaches the subsequent conveyance. Proof of circumstances, short of actual notice, which should put a prudent man upon inquiry, authorizes the court or jury to infer and find actual notice. The character of the possession which is sufficient to put a person upon inquiry, and which will be equivalent to actual notice of rights or equities in persons other than those who have title upon record, is very well established by an unbroken current of authority. The possession and occupation must be actual, open and visible; it must not be equivocal, occasional, or for a special or temporary purpose; neither must it be consistent with the title of the apparent owner by the record." *Brown* v. *Volkening,* 64 N. Y. 76, 82. "The fact of notice must be proved by indubitable evidence; either by direct evidence of the fact, or by proving other facts, from which it may be clearly inferred. It is not in such case sufficient that the inference is probable, it must be necessary and unquestionable." *M'Mechan* v. *Griffing,* 3 Pick. (Mass.) 149, 155. "If such a line had been run, as alleged·in the bill, and the complainant had made improvements up to the line, such an actual occupancy of the land, would have been sufficient to put the purchaser upon inquiry." *Hanrick* v. *Thompson,* 9 Ala. 409, 413. In that

case, two persons had bought an imperfect section of land,
at the same time, taking separate conveyances, with the under-
standing that, although the patents called for an unequal divi-
sion of the section, it was to be equally divided between them.
Hanrick to whom the larger portion had been conveyed hav-
ing died, his executor advertised and sold the area called for
in his patent, to an innocent purchaser. In *Billington* v.
*Welsh,* cited, Turner owning a tract of 234 acres on which he
had made valuable improvements, verbally sold about 100
acres thereof to his brother-in-law, Welsh, who entered upon
it and made slight improvements. Billington purchased the
entire tract at a sale made under an execution against Turner,
and it was held that Welsh's possession was not sufficient to
constitute notice. One of the judges, in delivering the opin-
ion of the court, said: "At best the possession of the defend-
ant was of a mixed nature. His pretensions are not defined
by marked boundaries or an actual survey. If one inclining
to purchase had previously viewed the premises, he would
have seen nothing but what usually occurs, where forges,
grist and saw-mills are carried on, out-houses and cabins for
the accommodation of colliers and other workmen. Without
such conveniences, those manufactories could not be carried
on. The defendant's holding under such circumstances could
not convey the same information, nor put a purchaser upon
inquiry in the same manner as an exclusive, unmixed posses-
sion in common cases might seem to give." Concurrent pos-
session of grantor and grantee on the original tract is not
always conclusive evidence against notice, however. Any
peculiar circumstance which strongly suggests disassociation
or separation of title between them suffices to put the pur-
chaser upon inquiry. *Krider* v. *Lafferty,* 1 Whar. (Pa.), 303;
*Hatch* v. *Bigelow,* 39 Ill. 546.

The boundary lines of the tract of land conveyed to the
appellants may have been surveyed, but there is no proof
that they were marked by any conspicuous monuments or de-
fined by possession and improvement up to them. Whether
such marking or improvement would be sufficient to put a
purchaser upon inquiry need not be determined. It suffices
to say the occupancy of the appellants and the improvements

made by them were not apparently inconsistent with the possession of their grantor, but, on the contrary, were entirely consistent therewith. The house into which they moved had been erected before they purchased and the additional clearing they had done and the out-buildings they had put up did not differ in character from improvements frequently made by tenants. The possession of the 91½ acres was exclusive and adverse, as regards the grantor of the appellants, but it was neither actually nor apparently coextensive with the bounds of the tract to which the vendor had record title and under which he was likewise in possession. Though perfect as between themselves and their vendor, their title, as to the subsequent purchaser, was equivocal, mixed, and consistent with that of the vendor, if not secret or concealed. The principles and precedents to which reference has been made fully sustain the finding and the legal conclusion of the trial court.

For the reasons stated, the decree complained of will be affirmed.                                                    *Affirmed.*