ROBERTS, Justice.
The history of this litigation and the factual background are detailed in the dissenting opinion by Mr. Justice Thomas and will not be repeated here.
The facts are not in dispute; the principal controversy is as to the efficacy of such facts to constitute notice of the adverse claim of the appellants under their prior unrecorded deed. This court said in Carolina Portland Cement Co. v. Roper, 1914, 68 Fla. 299, 67 So. 115, 116, that
“Possession, in order to be constructive notice of a claim of title to the land occupied, must be open, visible, and exclusive; and such occupancy may be shown by any use of the land that indicates an intention to appropriate it for the benefit of the possessor. Such use may be any to which the land is adapted and is calculated to apprise the world that the property is occupied under a claim of right therein.”
We can think of no better way way to indicate an intention to appropriate a parcel of land to one’s own use than by constructing a house upon it; and in the case of the purchase and sale of a purported vacant lot it would be unrealistic for the prospective purchaser to assume that the construction was being made on behalf of his prospective seller. The indicia of ownership present in the instant case are, in our opinion, such as should reasonably suggest inquiry to a prospective purchaser and lead him to inquiry, cf. Chatlos v. McPherson, Fla.1957, 95 So.2d 506; and, clearly, a judgment creditor should not stand in a *75 more favored position than a subsequent purchaser.
Accordingly, we hold that the appellants’ occupancy of the premises was sufficient to constitute constructive notice of the appellants’ adverse claim and that the Chancellor erred in holding to the contrary.
The decree appealed from is reversed and the cause remanded for the entry of a decree not inconsistent with the opinions herein expressed.
Reversed and remanded.
HOBSON, DREW and O’CONNELL, JJ., concur.
TERRELL, C. J., THOMAS, J., and ALLEN, District Judge, dissent.